IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01795-MSK

JOHN C. MALONE,

        Plaintiff,

v.

MICHAEL B. MUKASEY, and
ABC LEGAL SERVICE, INC., d/b/a  Process Forwarding International,

        Defendants.
_____

**OPINION AND ORDER DENYING INJUNCTION PENDING APPEAL**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Injunction Pending Appeal **(# 92)**, the Defendants' response **(# 99)**, and the Plaintiff's reply **(#100)**; and the Plaintiff's Motion for Hearing **(# 95)** on the Motion for Injunction Pending Appeal.[1]

This matter arises from a September 28, 2009 Order **(# 89)** by this Court, the factual summary is incorporated herein by this reference. The reader's familiarity with the issues discussed in that Order and the resolution therein is assumed.

Pursuant to Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(c), the Plaintiff requests that the Defendants be enjoined from attempting to serve him with the Chilean letters pending

---

[1] Because this Order resolves the underlying motion, the Motion for Hearing **(# 95)** is denied as moot.

1

disposition of his appeal of the Court's September 28, 2009 Order. To obtain such an injunction, the Plaintiff must show: (i) a strong position on the merits of the appeal; (ii) irreparable injury if a injunction pending appeal is denied; (iii) that an injunction would not substantially harm the Defendant; and (iv) that an injunction is not adverse to the public interest. *SIPC v. Blinder, Robinson & Co.*, 962 F.2d 960, 968 (10th Cir. 1992). Having considered the thoughtful briefing of the parties, the Court assumes that the first and the third element would be established, but finds an insufficient showing with regard to the second and fourth elements.

The potential harm that justifies an injunction must be both imminent and irreparable. With regard to immediacy, injunctive relief is only appropriate to avoid an existing threat of injury and cannot be employed to protect against an injury that one fears might be suffered at some indefinite future date. *See Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931). At the most basic level, the present situation presents only a speculative and remote injury that might befall the Plaintiff if the Defendants are permitted to serve the letters.

The Plaintiff seeks to avoid service of process in a Chilean proceeding. The ultimate injury that Plaintiff fears, and makes oblique reference to, is that his (or undisclosed assets of some undisclosed entity) may be confiscated or lost in satisfaction of an adverse judgement in that action. Service of the letters associated with that action does not lead inevitably to the result that the Plaintiff fears. Even if the Plaintiff is served with the letters, a string of contingencies must be satisfied before the Plaintiff would suffer this injury. Among other things, the Chilean proceeding for which service is being made must result in a judgment adverse to the Plaintiff, an attempt must be made by the Chilean authorities to collect on such judgment against property belonging to the Plaintiff, and if the tribunal adjudicating the attempt to collect is in the United

States, it must find that all necessary Due Process considerations have been satisfied. There is no basis to believe that each of these events will flow inexorably from the service of the letters, much less that any of these events are extant and imminent.[2]

In his motion, the Plaintiff also offers a more narrowly defined injury that he claims would he would suffer if service of the letters proceeds - that his appeal would become moot. He explains that Chilean law will not permit him to challenge the service of the letters upon him as part of the Chilean proceeding, that "should the issue come back to a United States court . . . Chile will cite to this Court's Opinion and Order on the Merits and will argue that appropriate service has been conclusively established by this Court's decision", and that "should Chile seek enforcement of a possible judgment outside the U.S., [the Plaintiff] will have no opportunity to present his argument at all." The Court will assume, without necessarily finding, that the Plaintiff is correct on the first point – that Chilean law will not allow him to challenge the service of the letters in the course of the Chilean proceeding.

However, his second argument actually refutes his contention that service of the letters now would render any appeal from this Court's Order moot. Assuming the letters are served, and the Plaintiff is successful in obtaining reversal of this Court's Order on appeal, the Plaintiff finds himself in a strong position to rebuff any attempts by Chile to execute a judgment in the United States.[3] In such circumstances, Chile will <u>not</u> be able to "cite to this Court's Opinion and

---

[2] In addition, there is little information upon which this Court could speculate as to what type of judgment might enter, against whom, much less where assets to satisfy such judgment might be located, or to what degree they might be vulnerable.

[3] The Plaintiff gives no indication of whether he maintains personal assets in Chile that would be subject to execution of a Chilean judgment. It is clear that Liberty Media, the Plaintiff's business entity, has Chilean assets, but the Court notes that both the Chilean letters

3

Order [and] argue that appropriate service has been conclusively established." Indeed, success on appeal would all but ensure that any Chilean judgment predicated on service through the letters at issue here essentially would be uncollectible in the United States. It is clear that, even if the letters are served upon the Plaintiff, the appeal of this Court's decision remains viable and continues to have significant consequence with regard to the future legal rights of the Plaintiff and the Chilean government.

Finally, the Plaintiff's perfunctory contention that enforcement of a Chilean judgment outside of the U.S. and Chile would offer him "no opportunity to present his argument" is entirely unsupported and speculative. Whatever jurisdiction is contemplated in this argument is unspecified and it is not clear what procedural protections this (hypothetical) jurisdiction would offer the Plaintiff in a proceeding by Chile to execute a judgment. In any event, to the extent that such a jurisdiction would be swayed by judicial rulings by United States courts, the same rationale above applies: if the Plaintiff is successful on appeal in obtaining reversal of this Court's Order permitting service, any foreign jurisdiction deferring to U.S. court rulings on the issue of service would be compelled to follow the appellate ruling deeming the service of the letters to be unauthorized. Thus, it is clear that the Plaintiff's claimed injury – the mooting of his appeal – is neither imminent, nor even likely to occur.

In addition to finding that the Plaintiff has not demonstrated that an irreparable injury will result if an injunction pending appeal is not granted, the Court also finds that the injunction urged by the Plaintiff would be one that is adverse to the public interest. The Court finds persuasive the Defendants' contention that prompt compliance with its treaty obligations in

---

and this action name the Plaintiff, not Liberty Media, as the real party in interest.

serving letters rogatory is a strong public interest that would be harmed if an injunction is granted.

The record reflects that Chilean authorities have repeatedly expressed their belief that this matter is important and requested prompt service. The Defendants contend that further delay of the issuance of the letters will clearly be harmful to relations between the U.S. and Chile. The Plaintiff urges the Court to discount this harm because the Defendants voluntarily delayed service during the pendency of this action in this Court. This Court declines to draw the requested inference. Whatever the Defendants' motivation was to delay service during the pendency of this matter in this Court, it is immaterial to the question of public interest. It is in the interest of the American public that the United States honor its treaty obligations.

The Plaintiff briefly argues that four public interests would be served by an injunction pending appeal. The Court finds these arguments unpersuasive. First, the Plaintiff contends that an injunction would serve the public interest of "permitting a United States citizen to obtain appellate review of a questionable exercise of power by a federal agency." As discussed above, the denial of an injunction will in no way deprive the Plaintiff of the opportunity or motivation to seek appellate review. Second, the Plaintiff contends that an injunction would serve the public interest of "upholding treaties, the rule of law, and the constitutional separation of powers." The Plaintiff does not elaborate on this argument. Without more, this Court finds that an injunction that is in direct conflict with the Court's findings and conclusions actually  would be inconsistent with the objective of  "upholding treaties" or complying with "the rule of law". Third, the Plaintiff argues that an injunction would "preserv[e] sound foreign relations". As discussed above, Chile's interests have been clearly articulated in its requests for service. It is hard to

imagine that "sound foreign relations" will be enhanced by imposition of an injunction contrary to those interests.  Finally, the Plaintiff contends that the public interest of "conserving judicial resources both here and in Chile" would be advanced by an injunction.  As discussed above, an injunction would have no impact upon the expenditure of judicial resources in the U.S.  It is unclear what, if any, effect an injunction would have on the proceeding in Chile.  This Court is not privy to a complete understanding of the posture, procedure, parties or anticipated course in that proceeding.  More importantly, the interest that this Court considers at this juncture is the effect of the injunction on interests of the American public, not the Plaintiff nor Chile.   A delay in or the elimination of the Chilean proceeding would likely benefit the Plaintiff, but it serves no interest of the American public.  Similarly, any conservation of judicial resources by Chilean courts serves no interest of the American public.

Accordingly, the Court finds that the Plaintiff has failed to demonstrate both an immediate and irreparable harm that will result if an injunction pending appeal is not granted and that the requested injunction is not injurious to the public interest. The Plaintiff's Motion for Injunction Pending Appeal **(# 92)** is **DENIED**.  The Plaintiff's Motion for Hearing **(# 95)** is **DENIED** as moot.   The Court's Order **(# 97)** that the Defendant's refrain from attempting to

serve the letters at issue pending disposition of this issue is **VACATED**.

Dated this 19th day of November, 2009

                                        **BY THE COURT:**

*[signature: Marcia S. Krieger]*

                                        Marcia S. Krieger
                                        United States District Judge